## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Monet Auguston, on behalf of herself and all others similarly situated, | **Case No. _____** |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| Kaufman & Canoles, a Professional Corporation, | **WITH JURY TRIAL DEMANDED** |
| Defendant. | |

COMES NOW Monet Auguston on behalf of herself and all other similarly situated, and for Plaintiffs' Class Action Complaint against Defendant Kaufman & Canoles, a Professional Corporation, state as follows:

## **INTRODUCTION**

1. This action arises out of Defendant Kaufman & Canoles, a Professional Corporation's ("Kaufman") violation of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.*

2. This Class Action Complaint seeks, on behalf of the Plaintiff and all other consumers nationwide similarly situated, declaratory judgment, injunctive relief, as well as statutory damages against the Defendant for its routine practices of attempting to collect debts without the proper verification and forms as required by 12. C.F.R. § 1006.34 *et seq.* in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692g.

## JURISDICTION

3.    Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1640(e), 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct in question occurred in this District, one or more of the Plaintiffs resides in this District, and the Defendant transacted business in this District.

## PARTIES

5.    Plaintiff Monet Auguston ("Auguston") is a natural person who resides in the city of Minneapolis, county of Hennepin, state of Minnesota. Auguston is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.    Defendant Kaufman is a professional corporation incorporated under the laws of the state of Virginia. Defendant Kaufman has a principal place of business located at 150 W. Main Street, Suite 2100, Norfolk, VA, 23510.

## FACTS

7.    Prior to December 12, 2022, Auguston allegedly incurred an obligation with Innovative Basement Authority arising out of transactions incurred primarily for personal, family, or household purposes.

8.    The alleged Innovative Basement Authority ("Innovative") obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

9.    At some point prior to December 12, 2022, Kaufman was hired to collect Innovative Basement Authority's purported debt from Auguston.

10.    Defendant Kaufman is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) by collecting and attempting to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services.

11.    Auguston is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12.    On or about December 12, 2022, Kaufman sent Auguston a collection letter ("Letter") regarding the alleged debt. A true and accurate copy of that Letter is attached as **Exhibit A**.

13.    Pursuant to 15 U.S.C. § 1692(d) "Except as provided in section 1029(a) of the Consumer Financial Protection Act of 2010 [12 U.S.C. 5519(a)], the Bureau may prescribe rules with respect to the collection of debts by debt collectors, as defined in this subchapter."

14.    Accordingly, the Consumer Fraud Protection Bureau ("CFPB") issues rules prescribed under 12 CFR § 1006, commonly referred to as Regulation F.

15.    The Letter from Kaufman contains some of the notices previously required by 15 U.S.C. § 1692g, but does not include the additional information required by Regulation F.

16.    Requirements under 12. U.S.C. 1006.34(c) are set out as follows:

> **Validation information**. Pursuant to paragraph (a)(1) of this section, a debt collector must provide the following validation information.
> (1) Debt collector communication disclosure. The statement required by § 1006.18(e)

(2) Information about the debt. Except as provided in paragraph (c)(5) of this section:

(i) The debt collector's name and the mailing address at which the debt collector accepts disputes and requests for original creditor information.

(ii) The consumer's name and mailing address

(iii) If the debt collector is collecting a debt related to a consumer financial product or service as defined in § 1006.2(f), the name of the creditor to whom the debt was owed on the itemization date.

(iv) The account number, if any, associated with the debt on the itemization date, or a truncated version of that number.

(v) The name of the creditor to whom the debt is currently owed.

(vi) The itemization date.

(vii) The amount of the debt on the itemization date.

(viii) An itemization of the current amount of the debt reflecting interest, fees, payments, and credits since the itemization date. A debt collector may disclose the itemization on a separate page provided in the same communication with a validation notice, if the debt collector includes on the validation notice, where the itemization would have appeared, a statement referring to that separate page.

(ix) The current amount of the debt

(3) **Information about consumer protections**.

(i) The date that the debt collector will consider the end date of the validation period and a statement that, if the consumer notifies the debt collector in writing on or before that date that the debt, or any portion of the debt, is disputed, the debt collector must cease

collection of the debt, or the disputed portion of the debt, until the debt collector sends the consumer either verification of the debt or a copy of a judgment.

(ii) The date that the debt collector will consider the end date of the validation period and a statement that, if the consumer requests in writing on or before that date the name and address of the original creditor, the debt collector must cease collection of the debt until the debt collector sends the consumer the name and address of the original creditor, if different from the current creditor.

(iii) The date that the debt collector will consider the end date of the validation period and a statement that, unless the consumer contacts the debt collector to dispute the validity of the debt, or any portion of the debt, on or before that date, the debt collector will assume that the debt is valid.

(iv) If the debt collector is collecting debt related to a consumer financial product or service as defined in § 1006.2(f), a statement that informs the consumer that additional information regarding consumer protections in debt collection is available on the Bureau's website at www.cfpb.gov/debt-collection.

(v) If the debt collector sends the validation notice electronically, a statement explaining how a consumer can, as described in paragraphs (c)(4)(i) and (ii) of this section, dispute the debt or request original-creditor information electronically.

(4) **Consumer-response information**. The following information, segregated from the validation information required by paragraphs (c)(1) through (3) of this section and from any optional information included pursuant to paragraphs (d)(3)(i) and (ii), (d)(3)(iii)(A), (d)(3)(iv) and (v), (d)(3)(vii) and (viii) of this section, and, if provided on a validation notice, located at the bottom of the notice under the headings, "How do you want to respond?" and "Check all that apply:":

(i) Dispute prompts. The following statements, listed in the following order, and using the following phrasing or substantially similar phrasing, each next to a prompt:

    (A) "I want to dispute the debt because I think:";
    (B) "This is not my debt.";
    (C) "The amount is wrong."; and
    (D) "Other (please describe on reverse or attach additional information)."

(ii) Original-creditor information prompt. The statement, "I want you to send me the name and address of the original creditor.", using that phrase or a substantially similar phrase next to a prompt.

(iii) Mailing addresses. Mailing addresses for the consumer and the debt collector, which are the debt collector's and the consumer's names and mailing addresses as disclosed pursuant to § 1006.34(c)(2)(i) and (ii).

17.    Kaufman's Letter fails to include all of the information described above.

18.    Specifically, the Letter only provided the total amount of debt along with the creditor and the following attached Notice:

**NOTICE**

Federal law may require that we provide you with the following information:

Please be advised that this communication is from a debt collector.

**THIS IS AN ATTEMPT TO COLLECT A DEBT.**

**ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

If this is the initial communication you have received from us concerning this debt, the following may apply:

The letter with which this notice is enclosed contains written notice to you of the amount of the debt and the name of the creditor to whom the debt is owed.

If you do not dispute the validity of this debt or any portion thereof within thirty (30) days after your receipt of this notice, we will assume that the debt is valid.

If you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt and mail you a copy of said verification.

Upon your written request within the thirty (30) day period, we will provide you with the name and address of the original creditor and/or noteholder, if different from the current creditor and/or noteholder.

19.    Accordingly, the Letter failed to include multiple disclosures and statements required pursuant the rules promulgated by the CFPB.

20.    The Letter fails to include:

a.  A mailing address at which the debt collector accepts disputes and requests for original creditor information;

b.  The name of the creditor to whom the debt was owed on the itemization date;

c.  The account number;

    d.  The name of the creditor to whom the debt is currently owed;

    e.  An itemization date;

    f.  The amount of the debt on the itemization date; and

    g.  An itemization of the current amount of the debt reflecting interest, fees, payments, and credits since the itemization date.

All in violation of 12 CFR § 1006.34(c)(2).

21.    The Letter failed to provide any of the specific dates required under 12 CFR § 1006.34(c)(3); therefore, it failed to properly advise Plaintiff of the relevant information concerning consumer protections.

22.    The Letter failed to provide the necessary Consumer-response information required under 12 CFR § 1006.34(c)(4).

23.    The Letter failed to state who the current creditor is.

24.    In addition to failing to provide all of the information required by the various subsections of 12 CFR § 1006.34(c), the Letter also failed to clearly and conspicuously provide the validation information generally, in violation of 12 CFR § 1006.34(d).

25.    Auguston previously disputed this debt with the original creditor, Innovative Basement Authority due to multiple physical, emotional, and monetary damages the defective construction caused.

26.    Physical and emotional damage included:

    a.  Increase in headaches that exacerbated a recent concussion due to the excessive drilling and noise from the construction crew;

    b.  A negative effect on her ability to think and concentrate; and

    c.  Onset of anxiety and health issues related to her new anxiety caused and exacerbated by the continuous problems occurring with the construction and costs;

27.  The monetary damages included:

    a.   Damages to Auguston's property caused by Innovative including a broken pipe and screen, which she was never reimbursed for;

    b.  A loss of income due to Innovative's repeated delays of the project which affected her ability to work and take on new clients while she was at home monitoring the ongoing project; and

    c.  A loss of income from her tenant who contracted to live in the basement but could not move into it due to Innovative's delays in the project.

28.  Innovative acknowledged Auguston's dispute and offered her $5,000.00 off her original bill as long as she signed a waiver releasing them from legal claims she might have.

29.  Innovative was supposed to take 2 days to finish the project. Instead, it took over 3 months. This caused Auguston emotional and physical distress as well as monetary damages.

30.  Kaufman's letter regarding the debt failed to include anything regarding the fact that Auguston had previously disputed this debt with Innovative, or that innovative had offered the $5,000.00 discount on what was owed.

31. Kaufman's Letter regarding the disputed debt further exacerbated Auguston's emotional distress and anxiety regarding the debt.

32. Kaufman's Letter led to an increase in anxiety causing Auguston to be reluctant to finish her basement out of fear she will continue to have construction issues and more debt collectors.

33. On December 16, 2022, Auguston emailed Kaufman to again dispute the debt, mentioning that she had already disputed the debt with Innovative. She also brought up that the original timeline to pay the amount owed was one year and requested an updated timeline of deadlines.

34. In response to Auguston's email, Kaufman emailed back "Thank you for your email. Attached is a copy of the contract and invoice evidencing the amount owed to IBA." The attached document was a copy of the original December 12, 2022 Letter that was already sent to Auguston with absolutely no changes.

35. Approximately a week later, Auguston received yet another copy of the same December 12, 2022 Letter in the US Mail.

36. With each communication Kaufman failed to provide the necessary information required by the FDCPA and CFPB.

37. As a result, Auguston was unable to determine precisely when the validation periods would end, which the CFPB determined was necessary to have a fully informed consumer.

38. Kaufman's omissions and misrepresentations cause a negative shadow over its debt collection practice in general.

39.    Kaufman left an element of confusion in their collection Letter leaving Auguston uninformed.

40.    This strategy is used by debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

41.    The purpose of the FDCPA and CFPB is to keep consumers informed. When a consumer is informed, they are most capable of handling a debt whether it be to dispute the debt or repay the debt in part or in full.

42.    As a result of Kaufman's FDCPA violations, Auguston was unable to evaluate her options on how to handle the debt.

43.    As such, she expended time, effort, and money to seek legal advice on what her options were with regard to the debt. This caused Auguston actual damage as a result of Kaufman's violations.

44.    These violations by Kaufman were knowing, willful, negligent and/or intentional, and Kaufman did not maintain procedures reasonably adapted to avoid such violations.

45.    Kaufman's debt collection efforts with respect to Innovative's alleged debt caused Auguston to suffer concrete and particularized harm due to her time, effort, and money expended regarding the matter, and because the FDCPA provided consumers like Auguston with the legally protected right to not be misled or treated unfairly with respect to any action regarding the collection of consumer debts.

46.    Auguston was confused and misled to her detriment by the statements in the Letter and relied on the contents of the Letter to her detriment.

47.    Auguston would have pursued a different course of action were it not for Kaufman's statutory violations.

48.    As a result of Kaufman's deceptive and misleading debt collection practices, Auguston has been injured by the physical and emotional distress exacerbated by Kaufman's actions, the time spent responding to Kaufman, the time spent seeking out an attorney, and the time spent speaking with an attorney to review her options.

## CLASS ALLEGATIONS

49.    Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

50.    The class consists of:

   a.  All individuals nationwide;

   b.  To whom Kaufman sent an initial collection letter;

   c.  Attempting to collect a consumer debt;

   d.  Which was sent on a date on or after the Consumer Fraud Protection Bureau ("CFPB") Regulation F took effect on November 30, 2021;

   e.  Which failed to include all necessary notices under 12 CFR 1006.34; and

   f.  Failed to clearly identify the current creditor;

   g.  Which letter was sent on or after a date one (1) year prior to the filing of the action.

51.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as **Exhibit A**. violate 15 U.S.C. §§ 1692e, and 1692g.

52.    The identities of all class members are readily ascertainable from the records of defendants and those companies and entities on whose behalf they attempt to collect debts.

53.    Excluded from the Plaintiff Class is the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and its respective immediate families.

54.    Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

55.    Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint.

56.    Plaintiff has retained counsel with the experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

57.    The class is so numerous that joinder of all members is impracticable.

58.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to

members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

59.     Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendant has acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate to cease further and future illegal conduct.

60.     Plaintiff requests the Court to certify a hybrid class or classes combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e *et seq*.**

61.     Plaintiff incorporates by reference all the above paragraphs of this Complaint.

62.     Auguston is a consumer within the meaning of 15 U.S.C. § 1692a(3).

63.     Kaufman is a debt collector within the meaning of 15 U.S.C. § 1692a(6), using an instrumentality of interstate commerce or the mails in a business with the principal purpose of collecting debts owed or due of another, and one who regularly enforces security interests. Specifically, it attempts to collect Innovative Basement Authority's debts.

64.     Defendant's debt collection efforts directed towards Auguston violated various provision of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

65.    Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

66.    Kaufman violated 15 U.S.C. § 1692e by:

    a.    Omitting the required representation of the character, amount and/or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A).

    b.    By failing to include all of the necessary information regarding the debt, including:

        1.    the itemization date, the name of the creditor to whom the debt was owed on the itemization date; the total amount due at the itemization date; and an itemization of the current amount of debt reflecting interest, fees, payments, and credits since the itemization date in violation of 12. C.F.R. § 1006.34(c)(2);

        2.    By failing to include any specification as to the dates that the validation period would end in violation of 12 C.F.R. § 1006(c)(3);

        3.    By failing to include the dispute prompts prepared by the CFPB, or anything resembling the same, in violation of 12 C.F.R. § 1006(c)(4); and

        4.    By making a false and misleading representation in violation of 15 U.S.C. §1692e(10).

67.     As a result of Kaufman's violation of the FDCPA by failing to comply with the rules set forth in 12 C.F.R. §1006 *et seq*., Plaintiff is entitled to statutory damages in an amount up to $1,000.00 and such amount as the court may all for all other class members, pursuant to 15 U.S.C. § 1692k(a)(2)(B); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant herein.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g(a) *et seq*.

68.     Plaintiff incorporates by reference all the above paragraphs of this Complaint.

69.     Auguston is a consumer within the meaning of 15 U.S.C. § 1692a(3).

70.     Kaufman is a debt collector within the meaning of 15 U.S.C. § 1692a(6), using an instrumentality of interstate commerce or the mails in a business with the principal purpose of collecting debts owed or due of another, and one who regularly enforces security interests. Specifically, it attempts to collect Innovative Basement Authority's debts.

71.     Kaufman's debt collection efforts directed towards Auguston, violated multiple provisions of the FDCPA including, but not limited to, 15 U.S.C. § 1692g.

72.     Pursuant to 15 U.S.C. § 1692g(a)(1), a debt collector must provide notice of a debt, including the amount of the debt.

73.     Pursuant to 15 U.S.C. § 1692g(a)(2), a debt collector must provide notice of a debt, including the name of the creditor to whom the debt is owed.

74.     Kaufman violated 15 U.S.C. § 1692g(a)(1)—(2) by:

    a.  Failing to clearly state on its validation notice the amount of the

        debt.

    b.  Failing to clearly state on its validation notice who the current

        creditor is.

75.    As a result of Kaufman's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 and such amount as the court may all for all other class members, pursuant to 15 U.S.C. § 1692k(a)(2)(B); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant herein.

**COUNT III**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692g(b) *et seq*.**

76.    Plaintiff incorporates by reference all the above paragraphs of this Complaint.

77.    Auguston is a consumer within the meaning of 15 U.S.C. § 1692a(3). Kaufman is a debt collector within the meaning of 15 U.S.C. § 1692a(6), using an instrumentality of interstate commerce or the mails in a business with the principal purpose of collecting debts owed or due of another, and one who regularly enforces security interests. Specifically, it attempts to collect Innovative Basement Authority's debts.

78.    Kaufman's debt collection efforts directed towards Auguston, violated multiple provisions of the FDCPA including, but not limited to, 15 U.S.C. § 1692g.

79.    Pursuant to 15 U.S.C. § 1692g(b), any "communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt."

80.    In Kaufman's communication to Auguston it demanded full payment within 30-days and stated

> If you do not respond within than time, IBA may be forced to proceed by way of litigation and, in doing so, will seek to collect from you the principal and interest owed as well as late fees and attorneys' fees... There will be no further correspondence from this office other than a copy of court proceedings.

81.    By demanding payment in full within 30-days and outlining the consequences of failing to do so, Kaufman overshadowed Auguston's rights to request validation of the debt; or notify Auguston that such a demand would pause the collection process, thereby creating uncertainty as to whether Auguston could even dispute the debt or withhold payment of the debt if it were disputed.

82.    Despite this, Auguston did dispute the debt and asked for an updated timeline of deadlines. In response Kaufman sent the same non-conforming Letter to Auguston both by email and US Mail.

83.    That response only further overshadowed Auguston's rights to request validation of the debt and caused uncertainty as to whether she actually could dispute the debt or withhold payment.

84.    As a result of Kaufman's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 and such amount as the court may all for all other class members, pursuant to 15 U.S.C. § 1692k(a)(2)(B); and

reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from

Defendant herein.

## **TRIAL BY JURY**

85.    Plaintiff is entitled to, and hereby demands, a trial by jury. US Const.

amend. VII; Fed. R. Civ. P. 38.

**WHEREFORE,** Plaintiffs pray that judgment be entered against Defendant

Kaufman as follows:

a.  Certification of this action to proceed as a class action;

b.  Appointing Plaintiff as class representative;

c.  Appointing Plaintiff's counsel as class counsel;

d.  Entry of the Declaratory Judgment finding Defendant's practices

challenged herein violate the FDCPA;

e.  Entry of an Order enjoining Defendant from engaging in practices which

violate the FDCPA;

f.  For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §

1692k(a)(2)(B) against Defendant Kaufman;

g.  For an award of costs of litigation and reasonable attorneys' fees pursuant

to 15 U.S.C. § 1692k(a)(3) against Defendant Kaufman; and

h.  For such other and further relief as may be just and proper.

Dated: March 1, 2023

Respectfully submitted,

By: /s/Carl E. Christensen
Carl E. Christensen (#350412)
Christopher Wilcox (#392536)
**CHRISTENSEN LAW OFFICE PLLC**
305 North Fifth Ave., Ste. 375
Minneapolis, MN 55401
Ph: (612) 473-1200
Fax: (612) 823-4777
carl@clawoffice.com
chris@clawoffice.com

Dated: March 1, 2023

Respectfully submitted,

By: /s/Thomas Lyons Jr.
Thomas Lyons Jr. (#249646)
Carter B. Lyons (#403655)
**CONSUMER JUSTICE CENTER**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com
carter@consumerjusticecenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Monet Auguston, having first been duly sworn and upon oath, depose and say as follows:

1.  I am a Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendants, cause unnecessary delay to Defendants, or create a needless increase in the cost of litigation to Defendants named in the Complaint.

5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: March 1, 2023

s/Monet Auguston
Monet Auguston
